1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DON TOBIN WATKINSON,                      CASE NO. 10-CV-327 - IEG (BLM)

12                          Plaintiff,        ORDER:

13        vs.                                 (1) GRANTING IN PART AND
                                              DENYING IN PART MOTION TO
14                                            DISMISS [Doc. No. 31]; and

15  MORTGAGEIT, INC.,                         (2) GRANTING IN PART AND
                                              DENYING IN PART MOTION TO
16                          Defendant.        STRIKE [Doc. No. 32].

17

18        Currently before the Court are Defendant's Motion to Dismiss and Motion to Strike. Having

19  considered the parties' arguments, the Court GRANTS IN PART and DENIES IN PART the Motion

20  to Dismiss and GRANTS IN PART and DENIES IN PART the Motion to Strike.

21                              **BACKGROUND**

22  **I.       Factual background**

23        Plaintiff Don Tobin Watkinson resides at real property located at 8151 Caminito Santaluz Sur,

24  San Diego, CA 92127 ("Property"). On November 11, 2006, Plaintiff obtained a loan from Defendant

25  MortgageIT, Inc. Plaintiff alleges that he was offered an adjustable rate loan, even though he applied

26  for a 30-year fixed rate loan. Shortly after closing the loan, however, Plaintiff encountered unexpected

27  medical bills associated with a serious illness suffered by his wife, and therefore could no longer

28  produce the necessary income to support his new mortgage. On April 3, 2009, Plaintiff alleges he

1    contacted Defendant for a loan modification, but no modification proposal was ever given to him.

2    **II.        Procedural background**

3           Plaintiff originally filed the suit in the District Court for the Eastern District of California.

4    Plaintiff's Complaint alleges nine cause of action: (1) violation of the Truth in Lending Act ("TILA"),

5    15 U.S.C. §§ 1601 et seq.; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12

6    U.S.C. §§ 2601 et seq.; (3) rescission; (4) unfair competition in violation of Section 17200 of the

7    California Business and Professions Code; (5) unjust enrichment; (6) predatory lending; (7)

8    negligence; (8) resulting trust; and (9) constructive trust.

9           On February 9, 2010, the case was transferred to this Court. Subsequently, Defendant filed the

10   present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike pursuant to Fed.

11   R. Civ. P. 12(f). Plaintiff filed late oppositions to both motions, and Defendant replied. The Court took

12   the motions under submission pursuant to Civil Local Rule 7.1(d)(1).

**LEGAL STANDARD**

13

14   **I.        Motion to dismiss**

15          A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A

16   complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is

17   plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court may dismiss

18   a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts

19   under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780,

20   783 (9th Cir. 1996) (citation omitted). The court only reviews the contents of the complaint, accepting

21   all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.

22   al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citation omitted).

23          Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal,

24   --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff]

25   can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State

26   Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded

27   factual allegations, a court should assume their veracity and then determine whether they plausibly

28   give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

**II.      Motion to strike**

Under Rule 12(f), the court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Immaterial" matter is that which has "'no essential or important relationship to the claim for relief or the defenses being pleaded.'" Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent" matter consists of statements that "'do not pertain, and are not necessary, to the issues in question.'" Id. (citation omitted). In ruling upon a motion to strike, just as with a motion to dismiss, the court must view the pleadings in a light most favorable to the nonmoving party. In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (citation omitted). However, courts often view motions to strike with disfavor, and therefore will not grant a motion to strike "unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted); see also Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). The court should deny the motion to strike if "there is *any doubt* as to whether the allegations might be an issue in the action." In re 2TheMart.com, 114 F. Supp. 2d at 965 (citing Fantasy, 984 F.2d at 1527) (emphasis in original).

## DISCUSSION

**I.      Motion to dismiss**

A.      TILA violations

Plaintiff's first cause of action alleges Defendant violated TILA by "failing to provide Plaintiff with accurate and clear and conspicuous material disclosures required under TILA" and by not fully informing him "of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that [he] can understand and comprehend." (Compl. ¶ 57.) Defendant moves to dismiss this cause of action, arguing that the TILA claim for damages is time-barred and that the TILA claim for rescission fails because Plaintiff has not properly complied with the notice requirements and has not alleged that he is able to tender the loan proceeds.

1

### 1.    TILA claim for rescission

2    Section 1635 governs the borrower's right under TILA to rescind a "consumer credit

3  transaction . . . in which a security interest . . . is or will be retained or acquired in any property which

4  is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a).

5  While the borrower's right of rescission must normally be exercised within a three-day period, TILA

6  extends that period to three years where the lender fails to provide the borrower with certain "material

7  disclosures"[1] or with the notice of the right to cancel. See id. § 1635(f); 12 C.F.R. § 226.23(a)(3).

8    In the present case, however, the allegations in the Complaint are insufficient to extend the

9  limitations period to three years. The only alleged TILA violation that is ascertainable from Plaintiff's

10  Complaint is that Defendant allegedly violated TILA by providing Plaintiff with only three, instead

11  of four, copies of the Notice of Right to Cancel. (See Compl. ¶ 47.) However, under TILA, the creditor

12  is only required to deliver "*two copies* of the notice of the right to rescind to each consumer entitled

13  to rescind." 12 C.F.R. § 226.23(b)(1) (emphasis added). Accordingly, Defendant's failure to deliver

14  four copies of the notice of the right to cancel does not constitute an actionable TILA violation.

15    Finally, apart from the alleged failure to provide a proper number of copies of the notice of the

16  right to cancel, the Complaint fails to allege what specific material disclosures were not provided to

17  Plaintiff or what specific provisions of TILA were violated. Rather, Plaintiff merely alleges in a

18  conclusory fashion that:

19    Defendants violated **TILA** by failing to provide Plaintiff with accurate and
    conspicuous material disclosures required under **TILA** and not taking into account the
20    intent of the Legislature in approving this statute which was to fully inform borrowers
    of the pros and cons of adjustable rate mortgages in a language (both written and
21    spoken) that they can understand and comprehend; and to advise them to compare
    similar loan products that might be more advantageous for the borrower under the
22    same qualifying matrix.

23  (Compl. ¶ 57.) Such conclusory allegations, however, are insufficient "to raise a right to relief above

24  the speculative level." See Twombly, 550 U.S. at 555. Accordingly, because Plaintiff has not

25  demonstrated that he is entitled to the longer limitations period of three years, the Court **GRANTS**

26

27    [1] The term "material disclosures" means "the required disclosures of the annual percentage
    rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the
28  disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." 12 C.F.R. §
    226.23(a)(3) n.48.

1    the motion to dismiss and **DISMISSES WITH LEAVE TO AMEND** the TILA claim for rescission.

2              2.    *TILA claim for damages*

3           As to Plaintiff's TILA claim for damages, that claim is clearly barred on the face of the

4    complaint. As Defendant points out, claims for damages under TILA must be commenced within one

5    year following the date of the alleged violation. <u>See</u> 15 U.S.C. § 1640(e); <u>see also</u> <u>Lynch v. RKS</u>

6    <u>Mortgage Inc.</u>, 588 F. Supp. 2d 1254, 1259 (E.D. Cal. 2008). The date of violation refers to the date

7    of the consummation of the transaction, unless the doctrine of equitable tolling applies. <u>King v. State</u>

8    <u>of Cal.</u>, 784 F.2d 910, 915 (9th Cir. 1986). In the present case, because the loan transaction took place

9    on November 11, 2006, but the complaint was not filed until November 7, 2009, the running of the

10   statute of limitations on Plaintiff's TILA claim for damages is clear on the face of the complaint.

11          Moreover, Plaintiff is not entitled to equitable tolling because he has not carried his burden of

12   showing that it applies in this context. Plaintiff had all of the information he needed to discover and

13   bring an action regarding the alleged wrongs when the loan transaction closed, and he has not alleged

14   that he was prevented in any way from doing so. <u>See</u> <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79

15   (9th Cir. 1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her]

16   from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and

17   regulatory requirements" (citing <u>King</u>, 784 F.2d at 915)). Accordingly, because Plaintiff's TILA claim

18   for damages is time-barred on the face of the complaint, it fails to allege sufficient facts to state a

19   claim for relief that is plausible on its face. <u>See</u> <u>Twombly</u>, 550 U.S. at 570.

20          For the foregoing reasons, the Court **GRANTS** the motion to dismiss in this regard and

21   **DISMISSES WITH PREJUDICE** Plaintiff's TILA claim for damages.

22          B.    <u>RESPA claim</u>

23          Plaintiff's second cause of action alleges Defendant violated RESPA "because the payments

24   to the mortgage broker and to the lender in regard to the principal balance and the interest adjustment

25   were misleading and designed to create a windfall," whereby Defendant was paid a "yield spread

26   premium" of approximately $9,000. (Compl. ¶ 66.) According to Plaintiff, this premium was

27   Defendant's "incentive for placing Plaintiff in a less attractive loan." (<u>Id.</u>)

28          Plaintiff's allegations of an improper "yield spread premium" and adjustments that were

1    "designed to create a windfall" appear to fall under Section 2607, which prohibits kickbacks and

2    unearned fees. <u>See</u> 12 U.S.C. § 2607. However, because recovery under Section 2607 is governed by

3    a one-year statute of limitations, Plaintiff's claims in this regard are untimely on the face of the

4    complaint. <u>See</u> <u>id.</u> § 2614. Accordingly, because Plaintiff's second cause of action fails, the Court

5    **DISMISSES** it **WITH PREJUDICE**.

6         C.       Rescission

7         In his third cause of action, Plaintiff alleges that he is entitled to rescind the loan for all of the

8    foregoing reasons: (1) TILA violations; (2) failure to provide a Mortgage Loan Origination

9    Agreement; (3) failure to adequately provide loan documents and options in plain English, in which

10   the agreement was negotiated; (4) Plaintiff was given three copies of the Notice of Right to Cancel,

11   which is in contradiction to the lender's instructions; (5) failure to properly provide Truth in Lending

12   disclosures; and (6) Defendants refused to accept Plaintiff's properly executed and delivered

13   rescission. (Compl. ¶ 70.) Plaintiff also alleges that he was "mistaken, misled and deceived about the

14   material terms of the alleged loan." (<u>Id.</u> ¶ 71.) Finally, Plaintiff indicates that upon rescission, he "will

15   provide restitution to Defendant or the amount Plaintiff has been enriched." (<u>Id.</u> ¶ 72.)

16        The Court has already dealt with rescission based on TILA. To the extent Plaintiff's third cause

17   of action alleges additional grounds for rescission, the Court notes that "[r]escission is not a cause of

18   action; it is a remedy." <u>Nakash v. Super. Ct.</u>, 196 Cal. App. 3d 59, 70 (1987) (citations omitted);

19   <u>accord</u> <u>Gayduchik v. Countrywide Home Loans, Inc.</u>, No. 2:09-cv-03524 JAM-GGH, 2010 WL

20   1737109, at *4 (E.D. Cal. Apr. 22, 2010); <u>Tiqui v. First Nat'l Bank of Az.</u>, No. 09cv1750 BTM

21   (BLM), 2010 WL 1345381, at *7 (S.D. Cal. Apr. 5, 2010). Accordingly, to the extent Plaintiff

22   attempts to assert a *cause of action* for rescission on grounds other than TILA, the Court **DISMISSES**

23   **WITH PREJUDICE** that cause of action. Plaintiff's request for rescission as a *remedy*, however,

24   remains viable–provided Plaintiff is successful on the merits of one of his other causes of action.

25        D.       Unfair competition claim

26        Plaintiff's fourth cause of action alleges Defendant violated California's unfair competition

27   law ("UCL") "by consummating an unlawful, unfair, and fraudulent practice." (Compl. ¶ 78.) Section

28   17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and

"unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) *unlawful* acts or practices, (2) *unfair* acts or practices, and (3) *fraudulent* acts or practices. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). In the present case, Plaintiff's fourth cause of action alleges that Defendant violated all three sub-parts of the unfair competition law.

### 1. Standing

Defendant first argues that Plaintiff lacks standing, which is a prerequisite for a private plaintiff to bring suit under Section 17200. See Californians For Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 232-33 (2006). A private person has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact" and (2) "has lost money or property as a result of the unfair competition." CAL. BUS. & PROF. CODE § 17204. In this case, accepting Plaintiff's allegations as true, he has adequately pled that he suffered an injury and lost money as a direct result of Defendant's actions.

### 2. Unlawful practices

By proscribing "any unlawful" business practice, Section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable. Id. "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." Plascencia v. Lending 1st Mortg., 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838-39 (1994)).

In this case, Plaintiff alleges that Defendant's actions were unlawful because they violated TILA as well as Sections 1632, 1916.7(c), and 2923.6 of the California Civil Code. (See Compl. ¶¶ 79, 84.) However, because the Court has already determined that the Complaint fails to state a cause of action under TILA, that statute cannot form the basis of Plaintiff's UCL claim. As for the other statutes alleged in Plaintiff's fourth cause of action, none of those are applicable in this case. First, there are no allegations in the Complaint that the loan transaction at issue here was negotiated in a language other than English, as required by Section 1632. See CAL. CIV. CODE § 1632. Second, Plaintiff has not alleged any facts to show that Section 1916.7, which governs adjustable rate mortgages, applies to her loan. See id. § 1916.7(c). Rather, as Defendant points out, the majority of adjustable rate mortgage loans in California originate under the federal Alternative Mortgage Transaction Parity Act, 12 U.S.C. § 3803(b), which preempts state laws. See, e.g., Pagtalunan v.

1   Reunion Mortg., Inc., No. C-09-00162 EDL, 2009 WL 961995, at * 4 (N.D. Cal. Apr. 8, 2009) (citing

2   Nat'l Home Equity Mortg. Ass'n v. Face, 239 F.3d 633, 637 (4th Cir. 2001)). Finally, as other courts

3   have noted with respect to Section 2923.6, "nothing in Cal. Civ. Code § 2923.6 imposes a duty on

4   servicers of loans to modify the terms of loans or creates a private right of action for borrowers."

5   Farmer v. Countrywide Home Loans, No. 08cv2193 BTM (AJB), 2009 WL 189025, at *2 (S.D. Cal.

6   Jan. 26, 2009); accord Pantoja v. Countrywide Home Loans, 640 F. Supp. 2d 1177, 1188 (N.D. Cal.

7   2009). Accordingly, because there is no predicate violation that can form the basis of Plaintiff's UCL

8   claim, Plaintiff has failed to state a claim for relief under the "unlawful practices" prong.

9                                    *3.    Fraudulent practices*

10       Likewise, with respect to the "fraudulent practices" prong, Plaintiff has failed to allege

11  sufficient facts to state a claim for relief. To prove fraud under California law, the plaintiff must

12  demonstrate: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b)

13  knowledge of falsity (or "scienter"); (c) intent to defraud, i.e. to induce reliance; (d) justifiable

14  reliance; and (e) resulting damage." Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974

15  (1997) (citation and internal quotations marks omitted). Moreover, to establish "fraudulent acts" under

16  the UCL, the plaintiff must show that "members of the public are likely to be deceived." Sybersound

17  Records, Inc. v. UAV Corp., 517 F.3d 1137, 1152 (9th Cir. 2008) (citation omitted); accord South Bay

18  Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861, 888 (1999).

19       In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires allegations of fraud or

20  mistake to be stated "with particularity." In the Ninth Circuit, this rule "has been interpreted to mean

21  the pleader must state the time, place and specific content of the false representations as well as the

22  identities of the parties to the misrepresentation." Misc. Serv. Workers, Drivers & Helpers v.

23  Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir.1981) (citations omitted); see also Vess v. Ciba-Geigy

24  Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the

25  who, what, when, where, and how' of the misconduct charged." (citation omitted)).

26       In the present case, Plaintiff has failed to satisfy the heightened pleading requirement of Rule

27  9(b). The fourth cause of action alleges in a conclusory fashion that Defendants' conduct was

28  fraudulent because "Defendants gave information to Plaintiff, that was factually incorrect" and

    because "Defendants omitted to provide information, which he [sic] was bound by law to provide."

(Compl. ¶¶ 80-81.) However, it is unclear from these allegations what was the *specific content* of the fraudulent misrepresentations or *who* on behalf of Defendant made those representations. Likewise, apart from conclusory allegations, the Complaint fails to allege *why* Plaintiff believes the statements were false when made. Fraudulent intent cannot be proven by simply pointing to the defendant's subsequent nonperformance. See Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30-31 (1985). Rather, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted). In the present case, Plaintiff's unfair competition claim cannot survive the motion to dismiss because Plaintiff fails to plead this cause of action with the specificity required by Rule 9(b).[2]

### 4. Unfair practices

Finally, Plaintiff has failed to allege sufficient facts to state a claim for relief under the "unfair practices" prong. Where direct competitors are concerned, the California Supreme Court has concluded that the word "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cal. Tech., 20 Cal. 4th at 187. On the other hand, when an action is brought by a consumer or a competitor alleging a different kind of violation, as is the case here, it appears a broader definition would apply. In that context, an "unfair" business practice occurs "when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." See People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 4th 509, 530 (1984), abrogated on other grounds in Cal. Tech., 20 Cal. 4th at 186-87 & n.12; accord McDonald v. Coldwell

---

[2] The remainder of the Complaint is not helpful in discerning the precise scope of Plaintiff's UCL claim. For example, the Complaint alleges in conclusory manner that: (1) Defendants claimed to maintain underwriting guidelines that assessed the ability of the borrower to repay the debt; (2) they purposefully relaxed those guidelines and sold risky loan products to other borrowers like Plaintiff; (3) Defendants failed to clearly and conspicuously disclose the key provisions of the loans, even though they were very complicated; (4) Defendants provided undisclosed incentives to their agents and officers for marketing and selling these risky loans; and (5) Defendants misrepresented the true terms of the loans. (See generally Compl. ¶¶ 14-42.) However, none of these allegations provide any specific allegations as to *who* on behalf of Defendants made these representations, *how* Defendants misrepresented the terms of the loans, or *why* the statements were false or misleading. See Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (citation omitted)); Misc. Serv. Workers, 661 F.2d at 782 (noting that "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation" (citations omitted)).

1    <u>Banker</u>, 543 F.3d 498, 506 (9th Cir. 2008).

2           In this case, Plaintiff alleges Defendants' conduct was unfair because "Defendants failed to

3    provide disclosures that could be understood by Plaintiff, thus making it likely that Plaintiff would be

4    deceived." (Compl. ¶ 82.) However, the Court cannot conclude from these conclusory allegations

5    whether Defendants' actions "offend[] an established public policy" or if they are "immoral, unethical,

6    oppressive, unscrupulous or substantially injurious to consumers." <u>See</u> <u>Casa Blanca</u>, 159 Cal. App.

7    4th at 530. Accordingly, Plaintiff's claim for relief under the "unfair practices" prong also fails.

8           For the foregoing reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES WITH**

9    **LEAVE TO AMEND** the entire UCL claim.

10          E.      <u>Unjust enrichment</u>

11          Plaintiff's fifth cause of action alleges unjust enrichment by Defendants. Under California law,

12   "[t]he theory of unjust enrichment requires one who acquires a benefit which may not justly be

13   retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly

14   enriched." <u>Otworth v. Southern Pac. Transp. Co.</u>, 166 Cal. App. 3d 452, 460 (1985) (citations

15   omitted). However, unjust enrichment is inapplicable where the defendant has merely obtained that

16   to which it was entitled pursuant to a contract between the parties. <u>See</u> <u>Jones v. Wells Fargo Bank</u>, 112

17   Cal. App. 4th 1527, 1541 (2003).

18          In the present case, there are no allegations that Defendant has received any benefit at

19   Plaintiff's expense such that it was unjustly enriched. Rather, it appears the only allegation of unjust

20   enrichment is that Defendant *might* receive a windfall in case there is a forced sale of Plaintiff's home.

21   (Compl. ¶ 91.) Such allegations, however, are insufficient to "to raise a right to relief above the

22   speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. at 555. Moreover, unjust enrichment is inapplicable to the

23   extent that any benefit derived by Defendant would be pursuant to the loan contract between the

24   parties. <u>See</u> <u>Jones</u>, 112 Cal. App. 4th at 1541. Accordingly, the Court **GRANTS** the motion to dismiss

25   and **DISMISSES WITH LEAVE TO AMEND** the unjust enrichment claim.

26          F.      <u>Predatory lending</u>

27          Plaintiff's sixth cause of action alleges Defendant committed predatory lending by marketing

28   the subject loan in whole or in part on the basis of fraud, exaggeration, misrepresentation, and

     concealment of material facts. (Compl. ¶ 96.) According to Plaintiff, the loan contains terms whereby

the borrower can never realistically repay the loan, which is representative of "Bait & Switch" tactics. Plaintiff, however, fails to indicate any legal basis for his "predatory lending" cause of action. As a result, both the Court and Defendant are left to guess whether this claim is based on an alleged violation of federal law, state law, common law, or some combination of the above. Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH LEAVE TO AMEND** the predatory lending claim. See Twombly, 550 U.S. at 555 (noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions").[3]

### G.   Negligence

Plaintiff's seventh cause of action alleges negligence against Defendant. To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). In the present case, Defendant argues the negligence cause of action fails because Plaintiff cannot demonstrate that Defendant owed him a duty of care.

As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095-96 (1991) (citations omitted). However, there are instances where the law imposes a duty on the lender. In California, the test for determining whether a duty exists between a lender and a borrower-client "'involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'" Connor v. Great Western Sav. & Loan Ass'n, 69 Cal. 2d 850, 865 (1968) (quoting Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958)); accord Nymark, 231 Cal. App. 3d at 1098.

In the present case, Plaintiff alleges that Defendant overstated Plaintiff's income and the value of the Property on the loan application, knowing that both of those were false. (Compl. ¶¶ 20, 27.) Taking these allegations as true, Defendant arguably owed Plaintiff a duty of care in processing

---

[3] To the extent Plaintiff cites Cal. Civ. Code § 17200 in his predatory lending claim, that allegation is duplicative of the fourth cause of action for violation of the UCL.

1   Plaintiff's loan application. The transaction at issue was undoubtedly "intended to affect the plaintiff"

2   in that the outcome of the loan application determined what type of loan Plaintiff would qualify for.

3   Likewise, it was readily foreseeable that misstating the amounts on the application and providing

4   Plaintiff with a loan for which he was not qualified would potentially harm Plaintiff in that it increased

5   the likelihood that he would default on the loan. The injury to Plaintiff is also certain because Plaintiff

6   lost an opportunity to obtain a loan that he could afford and there are now foreclosure proceedings

7   instituted against him. All of these factors weigh in favor of finding a duty of care in this case.

8          On the other hand, because Plaintiff's inability to pay the mortgage was caused by his wife's

9   sudden illness, there might not be a close connection between Defendant's conduct and the injury

10  suffered. Similarly, at this stage of the proceedings, it is unclear whether moral blame should attach

11  to Defendant's conduct and whether public policy will be better served in prohibiting lenders from

12  extending loans to individuals who might not be qualified for them. On balance, however, these

13  factors do not necessarily weigh against the finding of duty of care in this case.

14         Finally, even the court in Nymark, on which Defendant relies, noted that the "general rule" that

15  a lender does not owe a duty of care to a borrower is not absolute. On the contrary, in holding there

16  was no duty of care in that case, the court noted that "[t]he complaint does not allege, nor does

17  anything in the summary judgment papers indicate, that the appraisal was intended to induce plaintiff

18  to enter into the loan transaction or to assure him that his collateral was sound." Nymark, 231 Cal.

19  App. 3d at 1096-97. In this case, however, Plaintiff does allege Defendant misstated the value of the

20  Property in order to induce him into acquiring the more riskier loan. (Compl. ¶¶ 20, 23, 27, 29-30.)

21         Accordingly, based on the consideration of the above factors and the fact that Defendant

22  intended to induce Plaintiff to enter into the loan transaction, the Complaint contains sufficient facts

23  to allege that Defendant owed Plaintiff a duty of care when it allegedly misstated Plaintiff's income

24  and the value of the Property on Plaintiff's loan application. See Garcia v. Ocwen Loan Serv., LLC,

25  No. C 10-0290 PVT, 2010 WL 1881098, at *3 (N.D. Cal. May 10, 2010) (finding that a lender owed

26  a duty of care to a borrower-client in processing the borrower's loan modification application).

27  Therefore, the Court **DENIES IN PART** the motion to dismiss in this regard.

28         On the other hand, the Court **GRANTS IN PART** the motion to dismiss to the extent

Plaintiff's seventh cause of action alleges that there was an explicit or implicit duty of care to Plaintiff

pursuant to the Note or the Deed of Trust because the Complaint fails to demonstrate how Defendant's obligations in this regard exceeded the scope of Defendant's "conventional role as a mere lender of money." See Nymark, 231 Cal. App. 3d at 1095-96. Similarly, there is no duty of care pursuant to the TILA because the Court has already rejected Plaintiff's contention that he was entitled to four, instead of three, copies of the notice of the right to cancel. For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** these allegations in the seventh cause of action.

### H.   Resulting and constructive trust

Finally, Plaintiff's eighth and ninth causes of action are titled "resulting trust" and "constructive trust," respectively. In his eighth cause of action, Plaintiff appears to argue that if the foreclosure sale is allowed to go through, there should be a resulting trust created. (Compl. ¶ 106.) In his ninth cause of action, Plaintiff alleges that any foreclosure sale of the Property would be "improper and contrary to law," and therefore Defendant should be required to hold the Property as a constructive trustee for the benefit of Plaintiff. (Id. ¶¶ 108-110.) However, as Defendant correctly points out, neither a "constructive trust" nor a "resulting trust" is an independent *cause of action*; rather, each of these is merely a type of a *remedy*. See Batt v. City & County of S.F., 155 Cal. App. 4th 65, 82 (2007) ("A constructive trust is 'not an independent cause of action but merely a type of remedy,' and an equitable remedy at that." (internal citations omitted)); Stansfield v. Starkey, 220 Cal. App. 3d 59, 76 (1990) ("In their third amended complaint appellants alleged, as causes of action, a resulting trust and a constructive trust. But neither is a cause of action[,] only a remedy." (internal citations omitted)). Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH PREJUDICE** Plaintiff's causes of action for resulting and constructive trust. Plaintiff's request for a resulting or a constructive trust as a *remedy*, however, remains viable–provided Plaintiff is successful on the merits of one of his other causes of action.

## II.   Motion to strike

### A.   Request for punitive damages

Defendant moves to strike Plaintiff's request for punitive damages, arguing that it is not adequately supported by factual allegations in the Complaint. In doing so, Defendant relies on mostly California cases that set forth a heightened pleading standard for plaintiffs seeking punitive damages under Section 3294(a) of the California Civil Code.

- 13 -

The Court declines to grant the motion to strike on these grounds. Section 3294 provides for recovery of punitive damages where a plaintiff establishes by clear and convincing evidence that a defendant acted with "oppression, fraud, or malice." CAL. CIV. CODE § 3294(a). However, while Section 3294 governs Plaintiff's *substantive* claim for punitive damages, the Federal Rules of Civil Procedure govern the punitive damages claim *procedurally* with respect to the adequacy of pleadings. See Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406-07 (C.D. Cal.2005); Jackson v. East Bay Hosp., 980 F. Supp. 1341, 1353 (N.D. Cal. 1997); Bureerong, 922 F. Supp. at 1480. Pursuant to these rules, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). Moreover, with respect to "[m]alice, intent, knowledge, and other conditions of a person's mind," the Federal Rules provide that these allegations "may be alleged generally." FED. R. CIV. P. 9(b).

In the present case, the Complaint contains sufficient allegations to support the request for punitive damages. See, e.g., Compl. ¶ 27 ("Defendants even went so far as to blatantly misrepresent and overstate Plaintiff's income on his loan application . . . ."); id. ("Defendants intentionally misled Plaintiff . . . ."); id. ¶ 30 ("Defendants knew and should have known that Plaintiff's loans would likely result in default and foreclosure . . . ."); id. ¶ 38 ("Defendants did whatever it took to sell more loans, faster . . . ."). The fact that these allegations might be conclusory is not relevant at this stage because under the federal pleading standards, the plaintiff may rely on conclusory averments of malice or fraudulent intent to plead the mental state required by Section 3294. See Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("In federal court, a plaintiff may include a "short and plain" prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent."); accord Align Tech., Inc. v. Fed. Ins. Co., 673 F. Supp. 2d 957, 965 (N.D. Cal. 2009); Clark v. State Farm Mut. Auto Ins. Co., 231 F.R.D. at 406-07.

Accordingly, because Defendant failed to demonstrate that these allegations otherwise constitute "redundant, immaterial, impertinent, or scandalous matter," the Court **DENIES** the motion to strike in this regard. The Court, however, does not express any opinion as to whether these allegations satisfy the substantive requirements of Section 3294(a). To the extent Defendant challenges the sufficiency of the factual allegations underlying the claim for punitive damages, the proper medium is a motion to dismiss under Rule 12(b)(6), not Rule 12(f).

B.      Reference to conduct that is not actionable under TILA

Defendant next asks the Court to strike the following allegation in paragraph 57 of the Complaint with respect to the TILA requirements: "It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix." According to Defendant, this allegation impermissibly expands the scope of TILA because TILA does not dictate the terms and conditions under which credit can be extended.

However, in enacting TILA, the Congress expressly found that "[t]he informed use of credit results from an awareness of the cost thereof by consumers." 15 U.S.C. § 1601(a). Thus, TILA's purpose was "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Id. Arguably, there is a relation between this congressional intent and Plaintiff's allegations that the lender should be required to "offer other loan products that might be more advantageous for the borrower." Accordingly, because it is not entirely clear to the Court that the challenged allegation in paragraph 57 of the Complaint "could have no possible bearing on the subject of the litigation," the Court **DENIES** the motion to strike in this regard. See Platte Anchor Bolt, 352 F. Supp. 2d at 1057 ("A motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." (citations omitted)).

C.      Prayer for relief under TILA

Defendant next asks the Court to strike Plaintiff's request for actual and statutory damages as well as for "equitable restitution and disgorgement of profits obtained by Defendants" in connection with Plaintiff's TILA claim. The Court has already determined that Plaintiff's TILA claim for damages is barred by the applicable one-year statute of limitations. See 15 U.S.C. § 1640(e). This includes both actual and statutory damages. See id. § 1640(a). As for Plaintiff's request for equitable restitution and disgorgement, the Court agrees with Defendant that these are not remedies that are available under TILA. See, e.g., Christ v. Beneficial Corp., 547 F.3d 1292, 1298 (11th Cir. 2008) ("Because we do not expect Congress to 'expressly preclude' remedies, we do not read TILA to confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement." (citation omitted)); Perrone v. Gen. Motors Acceptance Corp., 232 F.3d 433, 439 (5th

Cir. 2000) ("If Congress had meant for restitution to be the measure of actual damages [under TILA], it could have easily said so in the statute. It did not. The fact that restitution is an available remedy for some purposes does not mean that Congress intended for this to be the measure of all other damages."). Accordingly, the Court **GRANTS** the motion to strike and **STRIKES WITH PREJUDICE** the following paragraphs of the Complaint as they relate to the TILA claim:

> 59.     An actual controversy now exists between Plaintiff, who contends that he has the right to damages for Defendants' violations related to the loan on the Subject Property alleged in this complaint, and Defendants.

> 60.     As a direct and proximate result of Defendants' violations, Plaintiff has incurred and continues to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

> 61.     Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

### D.     Prayer for relief under the unfair competition law

Finally, Defendant asks the Court to strike Plaintiff's request for damages as it relates to Plaintiff's UCL claim. As Defendant correctly argues, and Plaintiff concedes, Section 17200 of the California Business and Professions Code limits the plaintiff's remedies to restitution and injunctive relief. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) ("While the scope of conduct covered by the UCL is broad, its remedies are limited. A UCL action is equitable in nature; damages cannot be recovered." (internal citations omitted)); Cel-Tech, 20 Cal. 4th at 179 ("Prevailing plaintiffs [under the UCL]  are generally limited to injunctive relief and restitution. Plaintiffs may not receive damages, much less treble damages, or attorney fees." (internal citations omitted)). Accordingly, the Court **GRANTS** the motion to strike in this regard and **STRIKES WITH PREJUDICE** the following paragraph of the Complaint as it relates to the UCL claim:

> 85.     By reasons of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum not yet ascertained, to be proven at trial.

///
///
///
///
///

**CONCLUSION**

**I.     Motion to dismiss**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss. Specifically, the Court ORDERS as follows:

-     The Court **GRANTS** the motion to dismiss and **DISMISSES WITH PREJUDICE** the following causes of action: (1) the first cause of action to the extent it alleges a TILA claim for damages; (2) the second cause of action for RESPA violations, (3) the third cause of action for rescission; (4) the seventh cause of action to the extent it alleges a duty of care for a violation other than Defendant's alleged misstatement of Plaintiff's income and the value of the Property on the loan application; and (5) the eighth and ninth causes of action for resulting and constructive trusts.

-     The Court **GRANTS** the motion to dismiss and **DISMISSES WITH LEAVE TO AMEND** the following causes of action: (1) the first cause of action to the extent it alleges a TILA claim for rescission; (2) the fourth cause of action for violation of the unfair competition law; (3) the fifth cause of action for unjust enrichment; and (4) the sixth cause of action for predatory lending. Plaintiff shall have **thirty (30) days** from the filing of this Order to file a First Amended Complaint.

-     The Court **DENIES** the motion to dismiss in all other regards.

**II.     Motion to strike**

The Court also GRANTS IN PART and DENIES IN PART the motion to strike. Specifically, the Court **GRANTS** the motion and **STRIKES WITH PREJUDICE** paragraphs 59, 60, and 61 of the Complaint as they relate to Plaintiff's TILA claim, and paragraph 85 of the Complaint as it relates to Plaintiff's UCL claim. The Court **DENIES** the motion to strike in all other respects.

**IT IS SO ORDERED.**

DATED:  June 1, 2010

_Irma E. Gonzalez_
IRMA E. GONZALEZ, Chief Judge
United States District Court